**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

April Marie Ward,

Plaintiff,

v.

Best Buy,

Defendant.

Civil No. 26-3222 (DWF/SGE)

**CONSOLIDATED ORDER DISMISSING ACTIONS AS FRIVOLOUS**

---

Gary Robinson,

Plaintiff,

v.

Absolute Resolutions Corporation,

Defendant.

Civil No. 26-3280 (DWF/SGE)

Earlier this month, two self-represented plaintiffs, April Marie Ward and Gary Robinson, filed the above-captioned actions against two Minnesota-based companies (Best Buy and Absolute Resolutions Corporation, respectively). Apart from names, addresses, and dates, the two Complaints are essentially identical—their operative allegations track one another word for word—and both follow the pattern of a series of similar complaints recently filed in this District. Because the two actions suffer from the

same dispositive defects, the Court addresses them together in this single order.[1] For the following reasons, each action is dismissed without prejudice as frivolous.

Each Complaint is built around a "Notice of Lien." Mr. Robinson attached his notice to his Complaint. (*See* Robinson Doc. 1-1.) In it, Mr. Robinson, purporting to be the "Trustee" of a "revocable living trust" bearing his own name, asserts a $1,000,000 lien on his own assets, including his account with the Defendant, and announces that "[n]o assets or money can be recouped until the lien of $1,000,000.00 is paid in full" to his trust. (*Id.* at 1.) The notice further warns that if the company fails to respond, or continues reporting Robinson's account to credit bureaus, the company thereby "opt[s] in to paying" the trust a "$1,000,000.00 lien pay off amount." (*Id.* at 1–2.) Ms. Ward, by contrast, attached no notice to her complaint, notwithstanding her allegation that she "will attach [it] to this case." (Ward Doc. 1 at 4.[2])

Both Complaints then identically allege:

> I sent the notice of unpaid lien to the company (which I will attach to this case), letting them know about the first obligation trust lien that I needed to get taken care [of] (which had nothing to do with them). They completely ignored the

---

[1] Citations to the record identify filings by the relevant plaintiff's last name and the filing's docket number. Throughout this Order, quotations from filings normalize the original capitalization.

2 This omission appears to be an oversight, not a meaningful difference between the two cases. Ms. Ward's complaint is materially identical to Mr. Robinson's (and several other "notice of unpaid lien" complaints recently filed in this District, see note 4), and the Court suspects that Ms. Ward simply neglected to enclose a copy of the same form notice used in those other lawsuits. In any event, the omission does not alter the analysis: the scheme Ms. Ward describes is frivolous whether or not the underlying notice appears in the record.

> notice and continued to report [the] account on credit which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off.

(*Id.*; Robinson Doc. No. 1 at 4.) Each Complaint demands $1 million as the "amount owed for trust security agreement violation," and each identifies "Article 1 Section 10: Right to Contract" as the sole basis for federal jurisdiction. (Ward Doc. 1 at 3-4; Robinson Doc. 1 at 3-4.[3])

To date, neither plaintiff has paid a filing fee or applied for leave to proceed *in forma pauperis* ("IFP"). As a result, the screening provisions of 28 U.S.C. § 1915(e)(2)(B) do not presently apply. But a federal court's authority to dismiss a frivolous action summarily does not depend on the status of the filing fee. *See, e.g.*, *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) [the predecessor to § 1915(e)(2)(B)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Carney v. Houston*, 33 F.3d 893, 895 (8th Cir. 1994) (per curiam) (stating that frivolousness determination "precedes the decision of whether to grant [IFP] status and whether to order service of process," and that frivolous complaint should be dismissed "out of hand" (citation omitted)).

[3] In Mr. Robinson's case, his filings' own dates completely undercut his underlying legal theory. He signed his Complaint on July 1, 2026, which is the same date borne by his notice. (*See* Robinson Doc. 1-1 at 2.) So on Mr. Robinson's account, Absolute Resolutions Corporation apparently "delay[ed] and ignore[ed]" his notice on the very day it was ostensibly created—and, necessarily, before the company could have actually received it, much less considered and (in theory) disregarded it. (Robinson Doc. 1 at 5; Robinson Doc. 1-1 at 1.)

An action is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997) (quoting *Neitzke*-reliant caselaw). A claim is legally frivolous if it rests on an "indisputably meritless legal theory," *Neitzke*, 490 U.S. at 327; *see also, e.g.*, *McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (quoting *Neitzke*), and factually frivolous if its allegations are "fanciful," "fantastic," "delusional," or otherwise "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted). Courts must construe *pro se* pleadings like Plaintiffs' liberally, of course, but liberal construction cannot whip up an arguable legal or factual basis that a pleading otherwise lacks.

Both Complaints are frivolous on both fronts. As a matter of law, no one can manufacture a debt by mailing a company a homemade "lien" against the sender's own account and then construing the company's silence (or routine account reporting) as an agreement to pay $1,000,000. No body of contract, trust, or lien law recognizes any such mechanism. And the lone authority the Complaints invoke, Article I, Section 10 of the U.S. Constitution, is a limitation on the States; it does not govern the conduct of private companies and supplies no cause of action against them. *See* U.S. Const. art. I, § 10, cl. 1 ("No *State* shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." (emphasis added)); *Sveen v. Melin*, 584 U.S. 811, 819 (2018) ("The Contracts Clause restricts the power *of States* to disrupt contractual arrangements." (same)). The "trust lien" device deployed here is just the sort of legally baseless theory that federal courts, including the Eighth Circuit, have uniformly rejected as "completely without merit" and

"patently frivolous." *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *cf. Smith v. Target*, No. 26-CV-1745 (ECT/LIB), 2026 WL 1031159, at *4 (D. Minn. Apr. 16, 2026) (addressing similar allegations (citing cases)). Furthermore, as a factual matter, the scenario the complaints posit—a company quietly bound itself to pay the sender's personal trust $1 million by failing to answer a mailed notice within, at most, a day or two—is precisely the sort of "fanciful" premise that independently justifies dismissal.

Nor are these two Complaints isolated filings. Materially identical "notice of unpaid lien" complaints, reciting the same allegations, have been filed in this District during the same period—including a second action by Ms. Ward and two others by Mr. Robinson.[4] These submissions' fill-in-the-blank uniformity suggests that some form document is circulating that encourages consumers to believe this lien-type argument can erase their debts or compel payments from the companies that hold, collect, or report them.[5] Not so. Whatever the form's source, complaints premised on it lack any arguable basis in law or fact and are subject to summary dismissal at the threshold.

---

[4] *See, e.g.*, *Knox v. ECMC*, No. 26-CV-3010 (JWB/JFD) (D. Minn.); *Ward v. Macy's*, No. 26-CV-3223 (NEB/ECW) (D. Minn.); *Cary v. Best Buy Co.*, No. 26-CV-3257 (JWB/DTS) (D. Minn.); *Robinson v. Central Portfolio Control*, No. 26-CV-3281 (ECT/JFD) (D. Minn.); *Robinson v. Jefferson Capital Systems, LLC*, No. 26-CV-3282 (JWB/LIB) (D. Minn.).

[5] Other details reinforce these filings' rote character. Both plaintiffs, though proceeding *pro se*, submitted "Appearance of Counsel" forms (AO 458) purporting to enter appearances in their own cases—and Mr. Robinson's is entirely blank: it identifies no party, bears no date, and is unsigned. (Robinson Doc. 2; *see also* Ward Doc. 4.) These irregularities have no bearing on these actions' disposition, but they underscore that the filings are the product of a some rushed behind-the-scenes proposal rather than of any genuine legal claim.

Because the Court acts on its own initiative and before service of process, the dismissals are without prejudice.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The action *Ward v. Best Buy*, No. 26-CV-3222 (DWF/SGE), is **DISMISSED WITHOUT PREJUDICE** as frivolous.

2. The action *Robinson v. Absolute Resolutions Corporation*, No. 26-CV-3280 (DWF/SGE), is **DISMISSED WITHOUT PREJUDICE** as frivolous.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge